IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

DAVID WYTHE, SR. and MARIE WYTHE,

    Plaintiffs,

Case No.: 5/2010 CA 3828 WS
Division:  G

v.

HARTFORD INSURANCE COMPANY OF
THE MIDWEST,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, DAVID WYTHE, SR. and MARIE WYTHE, by and through their undersigned counsel, sue Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST, and as grounds therefore would state as follows:

1.    This is an action for damages in excess of fifteen thousand dollars ($15,000) exclusive of interest, attorneys' fees, and costs.

2.    At all times material hereto Plaintiffs were and are the owners of that certain real property located at 7535 Oakshire Drive, Port Richey, Pasco County, Florida.

3.    That Plaintiffs procured or renewed a policy of homeowners insurance from Defendant for the above-referenced property, a copy of which is not attached but is in the possession of Defendant and has been requested.

4.    Plaintiffs have renewed said policy each and every year and have paid all premiums due thereunder.

5.    On or about June 11, 2007, while said policy was in full force and effect, Plaintiffs discovered damage to their home, including, but not limited to, progressive physical damage to the walls and floors of the residence.

MAY 05 2010

6.     The damage to the Plaintiffs' home is caused by a covered peril under the policy.

7.     Plaintiffs have made an application for insurance benefits under the policy, but Defendant has failed and refuses to pay said benefits Plaintiffs are entitled to for their loss.

8.     All conditions precedent to obtaining payment of said benefits under the policy from Defendant have been complied with, met, or waived.

9.     Defendant has breached the policy of insurance by failing to pay all the benefits due thereunder.

10.    Plaintiffs are suffering direct physical damage to their home and property.

11.    Plaintiffs are entitled to the full cost of repairs of the damage to their home including, but not limited to, remediation of subsurface conditions, restoration of the foundation, cosmetic repair, repairs of the cracks, structural repair, temporary repairs and other expenses necessary to repair the subject home and, if the home is not repairable within the applicable coverage limits, an amount equal to such limits for the total loss.

12.    Due to Defendant's refusal to pay the loss sustained by Plaintiffs, the Plaintiffs have been required to retain the services of the undersigned counsel and are obligated to pay them a reasonable fee for their services.

13.    Plaintiffs are entitled to attorneys' fees pursuant to section 627.428, Florida Statutes.

14.    Defendant owes prejudgment interest, expert fees, costs, attorneys' fees, the costs of all structurally necessary repairs, and, if the home is not repairable within applicable coverage limits, an amount equal to such limits for the total loss.

2

WHEREFORE, Plaintiffs demand judgment against Defendant for: (i) all general and special damages including the full cost of repair or replacement of Plaintiffs' home; (ii) pre-judgment interest; and (iii) Court costs, costs, expert fees and attorneys' fees pursuant to section 627.428, Florida Statutes, and such other and further relief as the court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

Dated this _30_ day of April, 2010.

KENNETH C. THOMAS, JR. ESQUIRE
FBN: 0624640
ALAN S. MARSHALL, ESQUIRE
FBN: 0356603
MARSHALL THOMAS BURNETT, P.L.
8824 Belagio Drive
Trinity, Florida 34655
Telephone:   (727) 375-1000
Facsimile:   (727) 376-3026
Attorneys for Plaintiffs

3